THE STATE OF NEW JERSEY, EX REL. ALFRED E. GA NUN, RELATOR, v. HENRY T. LEFFERTS, RESPONDENT.

Submitted January term, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the relator, *Osborne, Cornish & Scheck.*

For the respondent, *William F. Gorman.*

PER CURIAM.

This is an information in the nature of a writ of *quo warranto,* filed by Alfred E. Ga Nun, who thereby seeks to oust Lefferts, incumbent of the office of tax assessor in the town of Nutley, and to have himself declared entitled thereto. The information alleges that Lefferts, the incumbent, has held the office unlawfully since August 1st, 1928, and that the relator was on July 31st, 1928, duly appointed to the office for a period beginning August 1st, 1928, and ending the third Tuesday in May, 1929; that the relator demanded the office and the books, papers, &c., but was refused. The incumbent replies, claiming a right to hold the office until his successor is appointed, and denying that the relator was legally appointed.

The town of Nutley is governed by three commissioners elected under the Walsh act. Under that act the commissioner of revenue and finance is created, and that office, on July 31st, 1928, was held by Raleigh S. Reif, who made the appointment of the relator already referred to. Under the terms of the Walsh act, and legislation prior and subsequent thereto, the term of office of assessor is for the period of three years, and by the act of 1920, page 42, it is enacted that the term of office shall commence on the first day of July and continue for the number of years designated in the act under which the election is held, and that the terms of those then holding office, and ending on a day other than the 30th of June of any year following the passage of the act, should be extended until the June following the end of their term.

Lefferts, the incumbent, was elected assessor, taking office July 21st, 1921, when he was elected for a period of three years. In July of 1924, 1925, 1926 and 1927 he was reelected, but each time for the period of one year. The election of July 12th, 1927, provided that his term of office was to expire on June 30th, 1928, since which time he has not been elected.

Without determining the status of the incumbent, we think it clear that the relator is without standing to contest the title to the office. In the recent case of *Noccolini* v. *Ubertino,* 96 *N. J. L.* 306, it was held that "where the law prescribes the term of a municipal officer, it is beyond the power of the governing body of the municipality to appoint for a greater or less term."

The legislature in its wisdom has declared the term of office of the assessor in the present case to be for the term of three years and that this term shall expire on the 30th day of June at the expiration of such period. The relator, for reasons which do not appear, was appointed by the commissioner of revenue and finance on July 31st, 1928, to hold office for a period beginning August 1st, 1928, and terminating on the third Tuesday of May, 1929. Such appointment under the authority of the case cited was a nullity, the

relator acquired thereby no title to the office, and for this reason the relief prayed must be denied, and judgment given for the respondent.